DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Lonnel C. Busby, appeals the decision of the Summit County Court of Common Pleas, which denied his motion to dismiss a forgery indictment against him. This Court affirms.
 I. {¶ 2} Appellant was indicted for one count of receiving stolen property in Cuyahoga County. He pled guilty to the amended charge of attempted receiving stolen property, received a six-month suspended sentence, and had to pay court costs. Appellant was later indicted for one count of forgery in Summit County. He initially pled not guilty and filed a motion to dismiss his indictment, claiming double jeopardy due to his conviction in Cuyahoga County. The trial court denied appellant's motion to dismiss, he pled no contest to the charge, and the court sentenced him to six months unsupervised community control.
 {¶ 3} Appellant timely appealed and sets forth two assignments of error for review. Appellant's assignments of error will be addressed together for ease of discussion.
 II. FIRST ASSIGNMENT OF ERROR
"The Court Erred By Denying Defendant's Motion To Dismiss Which Was Based On The Violation Of The Double Jeopardy Protections Under The Constitution Of The United States Of America, Amendment V To The Bill Of Civil Rights As Applied To The States By The Fourteenth Amendment And The Ohio Constitution, Article I Section 10 Because This Was A Multiple Prosecution For One Act Or Continuing Course Of Conduct."
 SECOND ASSIGNMENT OF ERROR
"Appellant Contends The Crimes Of Uttering And Receiving Stolen Property Are Allied Offenses Of Similar Import Under The Particular Facts Of This Case And The Defendant May Be Convicted Of Only One."
 {¶ 4} In his first assignment of error, appellant argues that the trial court erred by denying his motion to dismiss the forgery indictment against him. In his second assignment of error, appellant argues that the crime of forgery and the crime of receiving stolen property, both of which appellant was convicted of, are allied offenses of similar import under the facts of his case and, therefore, he should only be convicted of one of these crimes. This Court disagrees.
 {¶ 5} In the instant case, appellant was indicted for the charge of receiving stolen property in Cuyahoga County, Ohio. He pled guilty to an amended charge of attempted receiving stolen property in violation of R.C. 2923.02 and R.C. 2913.51. Appellant was later indicted for the charge of forgery in Summit County, Ohio. After the trial court denied his motion to dismiss the charge, appellant pled no contest to an amended charge of forgery in violation of R.C. 2913.31(A)(3).
 {¶ 6} Appellant argues that the above offenses as charged in his cases involved the same check and therefore, were allied offenses of similar import pursuant to R.C. 2941.25(A) that prohibited the State from prosecuting him in the Summit County case. Consequently, appellant claims that his forgery conviction should be dismissed as a violation of double jeopardy.
 {¶ 7} Although appellant alleges his convictions are allied offenses of similar import because they involved the same check and course of conduct, he failed to provide the trial court with a transcript of the proceedings or other evidence from his Cuyahoga County case to substantiate this claim. Appellant bears the burden of proof on a motion to dismiss regarding multiple offenses. See State v. Walker (June 30, 2000), 2nd Dist. No. 17678 at 21. As appellant failed to provide an adequate record to meet his burden of proof at the trial court level, the trial court correctly denied his motion to dismiss the forgery indictment.
 {¶ 8} Appellant's first and second assignments of error are overruled.
 III. {¶ 9} Accordingly, appellant's two assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J.
WHITMORE, J. CONCUR